**George Joseph PEART, Individually and as Administrator of the Estate of Lillian Henrietta Peart, George Charles Peart, Joann Peart Williams and Clara Gamrag Dicks, Appellants,**

v.

**MARR'S SHORT STOPS, INC., Appellee.**

No. 2–84–024–CV.

Court of Appeals of Texas, Fort Worth.

May 16, 1984.

Gandy, Michener, Swindle, Whitaker & Pratt and Mack Ed Swindle and H. David Flowers, Dallas, for appellants.

Touchstone, Bernays, Johnston, Beall & Smith and Sidney H. Davis, Jr., Fort Worth, for appellee.

Before JORDAN, ASHWORTH and HILL, JJ.

OPINION

HILL, Justice.

This is a suit for damages for the wrongful death of Lillian Henrietta Peart. From a take nothing judgment entered in favor of appellee Marr's Short Stops, Inc., appellants bring forth this appeal.

We affirm.

This suit arises out of a murder which occurred on or about March 8, 1980, at approximately 10:00 p.m. in Marr's Short Stop convenience store # 17, one mile south

of Granbury, Texas. Mrs. Peart, an employee of the store, was murdered during the commission of a robbery, while acting within the course and scope of her employment. Appellants sued appellee for her wrongful death, alleging that appellee was guilty of negligence and gross negligence in having inadequate protection for her as an employee. The jury found that appellee did fail to provide a safe place for Peart to work, and that such failure was negligence. However, the jury found that such failure was not a proximate cause of her death. Based on the jury's findings, a take nothing judgment was entered in favor of appellee.

Appellants present two points of error. Appellants argue that the trial court erred in entering judgment in favor of appellee based on the jury's finding that the negligence of appellee was not the proximate cause of Peart's death, because such finding is against the great weight and preponderance of the evidence. Appellants also assert that the trial court erred in overruling appellants' motion for new trial because appellee's final argument was improper and in all probability caused an improper verdict.

Appellee contends that appellants' points of error are insufficient to raise any issue for consideration by this court because the record does not contain a statement of facts.

On February 14, 1984, this court granted appellant's motion for late filing of the transcript. Appellants' motion for extension of time to file the statement of facts was granted by this court on February 29, 1984. Appellee then filed his response to the motion for late filing, or alternatively, to strike the statement of facts on March 5, 1984. On March 14, 1984 this court withdrew its prior order granting an extension of time in which to file the statement of facts and ordered that the statement of facts be stricken from the record on appeal.

TEX.R.CIV.P. 386 provides:

> The transcript and statement of facts, if any, shall be filed in the appellate court within sixty days after the judgment is signed, or, if a timely motion for new trial or to modify the judgment has been filed by any party, within one hundred days after the judgment is signed, ... The court shall have no authority to consider a late filed transcript or statement of facts, except as permitted by Rule 21c.

■ An extension of time may be granted for late filing of a transcript or statement of facts, but such motion for extension must be filed within fifteen days of the last day for filing. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982); TEX.R.CIV.P. 21c.

■ In the instant case, the judgment was signed on October 18, 1983. Appellants' motion for new trial was filed on November 8, 1983; therefore, appellants had 100 days from October 18, 1983 in which to file the statement of facts. Since the statement of facts was due on January 26, 1984, the appellants had fifteen days from that time to file a motion for extension. This the appellants failed to do in that appellants' motion for extension of time to file the statement of facts was filed on February 24, 1984.

■ Appellants also urge this court to exercise its discretion under TEX.R.CIV.P. 428 and 429 and allow the record of the trial court to be supplemented or corrected if it appears that anything material is omitted ιfrom the statement of facts. Such supplementations or corrections to the statement of facts may be made, however, only after a statement of facts, which has been approved and signed by the court or counsel, has been filed with the Court of Appeals. *Carr v. Central Music Company*, 494 S.W.2d 280, 281 (Tex.Civ.App.— Austin 1973, no writ); *Hammett v. McIntire*, 365 S.W.2d 844, 848 (Tex.Civ.App.— Houston 1962, writ ref'd n.r.e.). Since no statement of facts was timely filed in the instant case, the rules for supplementation or correction of the record are inapplicable.

■ In the absence of a statement of facts, this court is required to presume that there was sufficient evidence to support

the answer of the jury to the special issue. *Smith v. Texas Imp. Co.,* 570 S.W.2d 90 (Tex.Civ.App.—Dallas 1978, no writ); *Burson v. Montgomery,* 386 S.W.2d 817 (Tex.Civ.App.—Houston 1965, no writ). Appellants' point of error number one is overruled.

■ The absence of the statement of facts also precludes our consideration of the point of error complaining of improper jury argument. *Hilliard v. Home Builders Supply Company,* 399 S.W.2d 198 (Tex.Civ.App.—Fort Worth 1966, writ ref'd n.r.e.). Point of error number two is overruled.

The judgment is affirmed.