**Marion MONK, et al., Appellants,**

v.

**DALLAS BRAKE AND CLUTCH SERVICE COMPANY, INC., et al., Appellees.**

**No. 05–84–00788–CV.**

Court of Appeals of Texas, Dallas.

Dec. 18, 1984.

Randall R. Moore, Law Offices of Windle Turley, P.C., Douglas H. Conner, Patrice M. Barron, Asst. City Attys., Dallas, for appellants.

Sidney H. Davis, Jr., Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for appellees.

Before GUITTARD, C.J., and ALLEN and GUILLOT, JJ.

ON MOTION TO RECONSIDER EXTENSION OF TIME FOR FILING STATEMENT OF FACTS

GUITTARD, Chief Justice.

FOR FILING STATEMENT OF FACTS

Appellants moved to extend the time for filing the statement of facts. We granted the motion on the ground that appellants reasonably explained their delay in requesting the reporter to begin preparation of the statement of facts. Appellee Dallas Brake and Clutch Service Company, Inc. now moves to reconsider our ruling and to strike the statement of facts, contending that we have no discretion to extend the time for filing a statement of facts unless a written request is made to the official reporter within the time prescribed by rule 377(a) of the Texas Rules of Civil Procedure, which requires such a request to be made "at or before the time for perfecting the appeal." We disagree.

Although appellee's argument is supported by *Odom v. Olafson*, 675 S.W.2d 581 (Tex.App.—San Antonio 1984, no writ), we are committed to a different view by our decision in *Moore v. Davis*, 644 S.W.2d 40, 43 (Tex.App.—Dallas 1982, no writ). In accordance with that decision, we hold that failure to request preparation of the statement of facts within the time prescribed by rule 377(a), like failure to file the statement of facts within the time prescribed by rule 386 of the Texas Rules of Civil Procedure, may be excused by a timely motion showing a reasonable explanation for the delay in compliance with rule 21c of the Texas Rules of Civil Procedure.

*Moore* was decided under the provisions of rule 377 as they stood before the 1984 amendments. The pre-1984 provisions of the rule had been interpreted to require the appellant to make his request to the reporter "promptly." In *Moore* we held that a request is made "promptly" if made by the time the appellant perfects the appeal, but that any delay beyond that time may be excused by a motion showing a reasonable explanation under rule 21c. Rule 21c was not changed by the recent amendments, and the only change in rule 377 material to this question is the specification of "at or before the time prescribed for perfecting the appeal" in lieu of "promptly." Therefore, we conclude that failure to make the written request within the time prescribed by rule 377(a) may still be excused by a reasonable explanation presented in accordance with rule 21c.

■ We recognize that the time for requesting preparation of the statement of facts is not included in rule 21c as one of those periods which may be extended on proper motion. However, we do not interpret the recent amendment to rule 377(a) as imposing a new restrictive deadline on the appellate process. Such an interpretation would be contrary to the general objective of the supreme court in the last several series of amendments to simplify the appellate rules and eliminate technical restrictions unrelated to the merits. The time of the request is important only as it affects the time of filing the statement of facts, which is prescribed by rule 386. A late request is of no consequence and need not be explained if the statement of facts is prepared and filed within the time prescribed by rule 386. However, if the statement of facts will not be filed within the prescribed time because of a late request, then the motion to extend the time for filing the statement of facts must reasonably explain the delay in making the request to the reporter. It is in this context that the time requirement of rule 377(a) is important as tending to expedite the appellate process.

■ We must consider, therefore, whether the delay in making the request in the present case has been reasonably explained. The evidence before us on the appellants' motion to extend consisted of three affidavits made by the official reporter. According to these affidavits: (1) she returned from vacation on July 9, three days after the time for perfecting the appeal expired on July 6; (2) she received a telephone request for preparation of the statement of facts from the appellants on July 10; (3) she received a letter confirming this request on July 14; and (4) she could not have begun preparation of the statement of facts earlier because of other work, including preparation of another statement of facts for a two-week trial. The present statement of facts, consisting of four volumes, was due on August 5. It was completed and tendered to this court for filing on August 23. According to the facts stated by the reporter, appellants' delay from July 6 to July 14 in making their written request for the statement of facts did not, in fact, delay its preparation and filing. We conclude that this delay has been reasonably explained, as required by rule 21c and *Moore*. Consequently, we adhere to our previous ruling extending the time for filing the statement of facts.

Appellee's motion for reconsideration is overruled.