**Joanne Nix ADAMS, Appellant,**

v.

**H.R. MANAGEMENT AND La PLAZA, LTD., Appellees.**

No. 04-84-00562-CV.

Court of Appeals of Texas, San Antonio.

Aug. 21, 1985.

Stephen F. White, Jack H. Robison, Hollon, Marion & Richards, Boerne, for appellant.

Thomas E. Quirk, Beckman, Krenek, Olson & Quirk, San Antonio, for appellees.

ON APPELLANT'S FIRST MOTION FOR RECONSIDERATION EN BANC OF APPELLANT'S SECOND MOTION TO EXTEND TIME FOR FILING RECORD

CADENA, Chief Justice.

In two previous opinions we have considered appellant's requests for additional time in which to file her statement of facts. In the first opinion dated February 28, 1985, we granted the motion to extend time for filing the record for the reason that the

request included both the transcript and the statement of facts, and a reasonable explanation for extending the time to file the transcript was presented. *See Embry v. Bel-Aire Corp.,* 502 S.W.2d 543, 544 (Tex.1973); *Hill Chemicals Co. v. Miller,* 462 S.W.2d 568, 569 (Tex.1971); *Duncan v. Duncan,* 371 S.W.2d 873, 874 (Tex.1963); *Anzaldua v. Richardson,* 279 S.W.2d 169, 170–71 (Tex.Civ.App.—San Antonio 1955, no writ). We denied the second request for an extension of time in which to file the statement of facts in an opinion dated April 3, 1985. Although the motion was couched in terms of a request for extension of time file the record, the transcript had already been filed, and thus the only matter presented for our consideration was whether to extend time to file the statement of facts. We denied the motion because appellant had not filed a written request with the court reporter for the preparation of the statement of facts by December 13, 1984, the time by which the appeal was to be perfected. Odom v. Olafson, 675 S.W.2d 581, 582 (Tex.App.—San Antonio 1984, writ dism'd w.o.j.); Rule 377(a).[1] Written request to the court reporter was made on December 26, 1984, thirteen days after the time prescribed for perfecting the appeal. Appellant has now filed a motion for reconsideration en banc of our denial of her motion for an extension of time.

This motion for reconsideration contains two affidavits—one from one of the court reporters who transcribed the testimony at trial, and one from Stephen F. White, one of appellant's trial attorneys. They show the following:

This was an eight day trial, and the statement of facts will run to several hundred pages. On either November 27th or 29th, White spoke with both court reporters about the statement of facts. He was told that it would be quite some time before preparation of the statement of facts could begin since both reporters were busy working on several other records. He requested affidavits to that effect from both reporters in anticipation of filing a motion

for extension of time. White's conversations with the two reporters led him to believe his co-counsel had already made a written request, and the only discussion White conducted with them concerned financial arrangements. White also had a lengthy conversation with the trial judge regarding arrangements for payment of the reporters. From the tenor of this conversation, White again assumed that the written request had been filed; otherwise, he assumed, the judge would not have required the making of financial arrangements unless he, too, assumed that a proper written request had been made.

White first noticed the absence of a written request upon his review of the appellate record on December 26, 1984. He discussed this with his co-counsel who indicated that he thought White had filed the request. The written request was immediately prepared and filed on December 26, 1984.

In summation, White concludes that the late filing of the request resulted from a lack of communication with his law office and his misinterpretation of the signals he received from the reporters and the judge.

A panel of this court in *Odom* held that the language of Rule 377(a) left us no discretion to permit the filing of a statement of facts by an appellant who has not complied with the mandate of the rule. 675 S.W.2d at 582. While the rule is written in mandatory language, there are certain situations in which such an interpretation is much too harsh. The better view is that the supreme court did not, by its amendment to Rule 377(a), intend to impose a new restrictive deadline in the appellate process. *Monk v. Dallas Brake & Clutch Service Co.,* 683 S.W.2d 107, 109 (Tex.App.—Dallas 1984, no writ). Such an interpretation would be consistent with the supreme court's objective in promulgating its recent amendments to the rules of appellate procedure. That objective was to eliminate as far as possible the technical restrictions which sometime result in the disposition of

---

1. All references to rules are to the Texas Rules of Civil Procedure.

appeals on grounds unrelated to the merits. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 861 (Tex.1982); *Monk*, 683 S.W.2d at 109. As we wrote in *Odom*, the purpose of the amendment to Rule 377(a) seemed to be to promote the timely filing of statements of facts insofar as that goal could be accomplished. 675 S.W.2d at 582. The instant case illustrates that that laudable goal is not furthered by strict adherence to the rule in each and every instance.

It is apparent in the instant case that compliance with Rule 377(a) would not have resulted in the timely filing of the statement of facts. Both reporters were so encumbered with pending work that even if they had received a timely written request in accordance with Rule 377(a), they would not have been able to prepare the statement of facts in this case by the time it was due. A rigid adherence to a mandatory interpretation of Rule 377(a) in every case will not further the purpose of the rule—the prompt and efficient disposition of appeals. In cases where that goal is not advanced—such as the instant case—rigid adherence to Rule 377(a) will not promote the efficiency of the appellate process. It will resurrect the old *in terrorem* philosophy of appeals which the supreme court has sought to bury. Pope & McConnico, *Practicing Law with the 1981 Texas Rules*, 32 BAYLOR L.REV. 457, 492 (1980). It heralds a return to disposition of appeals by technicality rather than on their merits.

We refuse to apply Rule 377(a) strictly in situations where the written request, timely filed, would not have insured that the statement of facts would be filed on time. Accordingly, we limit the holding in *Odom* to the more extreme facts of that case.

Our holding in this case does not mean that Rule 377(a) may be ignored with impunity. An appellant who makes a late request to the reporter will have a greater burden of explanation in a motion for extension of time than one who has made a timely request but must still ask for an extension. An appellant whose late request contributes to the tardiness of the statement of facts may have an insur-mountable burden to overcome in a motion for extension of time. The most prudent policy, of course, is for appellants' attorneys to incorporate Rule 377(a) requests into their appellate timetables. We realize, however, that through inadvertence or mistake a busy attorney may sometimes neglect to make a timely request. In such situations we should not automatically slam the door to the appellate forum in his face. Rather, the appellant should be accorded the opportunity to reasonably explain the late filing of the request as he is able to do when the bond, transcript or statement of facts has been filed late. *See* Rules 21c, 356(b).

Appellant's reasonable explanation for the late request and the fact that the tardy request played no part in the delay in the filing of the statement of facts excuse the failure to comply with Rule 377(a). The motion for reconsideration is granted. Our opinion of April 3, 1985, is withdrawn, and appellant's second motion for extension of time is granted. In accordance with that motion the time for filing the statement of facts is extended to April 25, 1985.

REEVES, Justice, dissenting.

I respectfully dissent. The language of Rule 377(a) is clear, unambiguous and unequivocal. It says that in order to present a statement of facts on appeal, the appellant *shall* make a written request to the official reporter for its preparation at or before the time prescribed for perfecting the appeal. It is hard to imagine how the rule could have been more clearly written. The rule was, in fact, rewritten to make it clear and explicit. Prior to its amendment in 1984, the rule required the request to be made "promptly." The 1984 amendments eliminated this imprecise standard and replaced it with the unequivocal specification that the request shall be made "at or before the time prescribed for perfecting the appeal."

The trial attorney has told us in his affidavit that he failed to comply with Rule 377(a). Although he discussed the preparation of the statement of facts with the reporters and the trial judge, he neglected

the simple expedients of asking them or checking the appellate record to determine whether a written request had in fact been filed. He chose instead to rely on assumptions based on the verbal "signals" he received from the reporters and the judge that his co-counsel made the written request to the court reporter.

The majority observes that in this case a "rigid adherence" to Rule 377(a) produces a harsh result. This is true, however, in every case in which a party fails to follow a mandatory rule of procedure. Admittedly, Rule 377(a) is imperfect. It does not provide an opportunity to reasonably explain failure to comply with its mandate. The penalty for noncompliance in certain circumstances is too harsh. Perhaps the instant case is an illustration of such a situation. Yet it is not our function to rewrite the rules. That duty is reserved to the supreme court. TEX.REV.CIV.STAT. ANN. art. 1731a (Vernon 1962). Our duty is to apply and enforce the rules as they are written. Today, however, we have taken a simple rule, unambiguously written, and have redrafted it to conform to our own perception of propriety and fair play. I would adhere to the proper interpretation of the rule as set out in *Odom*. I would deny the motion for reconsideration.