CALDWELL & HURST, a Partnership, Appellant,

v.

Louis MYERS aka Lewis Myers, Independent Co-Executor of the Estate of Saora Myers, Deceased, Appellee.

No. A14–85–688–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 17, 1985.

**704**

Steve Underwood, of Caldwell & Hurst, Houston, for appellant.

James C. Mulder, of Parks, Tradd, Mulder & Miller, Houston, for appellee.

## OPINION

**J. CURTISS BROWN, Chief Justice.**

On September 12, 1985, a panel of this court denied appellant's motion to extend time to file its statement of facts. The motion was denied because appellant had not filed a written request with the court reporter for the preparation of the statement of facts by August 1, 1985, the time by which the appeal was to be perfected. TEX.R.CIV.P. 377(a); *Intertex, Inc. v. Walton,* 683 S.W.2d 599 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Banctexas Allen Parkway v. Allied American Bank,* 683 S.W.2d 600 (Tex.App.—Houston [14th Dist.] 1985, no writ). Appellant has now filed a motion for rehearing en banc of our denial of an extension of time. En banc consideration was granted October 10, 1985.

The motion for rehearing contains the affidavit of Robert L. Krippner, the court reporter who transcribed the testimony at trial. Mr. Krippner recites he received a written request for the preparation of the statement of facts August 2, 1985. He also avers he had earlier advised appellant's counsel an extension of time would be necessary. Mr. Krippner further swears: "... [I]t would have made absolutely no difference in the time required by me to make and prepare the Statement of Facts ... whether I had received his request on August 1, 1985."

The statement of facts was received by this Court September 16, 1985, thirteen days after they were due. TEX.R.CIV.P. 386.

In addition to our previously cited panel opinions, interpretation of R.377(a) has occasioned opinions by three other courts of appeal since its adoption became effective April 1, 1984.

In a panel decision, the Fourth Court of Appeals held the language of Rule 377(a) left no discretion to permit the filing of a statement of facts by an appellant who failed to comply with the mandate of the rule. *Odom v. Olafson,* 675 S.W.2d 581 (Tex.App.—San Antonio 1984, writ dism'd).

A panel of the Fifth Court of Appeals rejected that interpretation. That court held a late request is of no consequence if the statement of facts is timely filed. If a motion for extension of time to file statement of facts is necessary, the failure timely to request preparation of the statement of facts may be excused by a reasonable explanation presented in accordance with Rule 21c. *Monk v. Dallas Brake & Clutch Service Co.,* 683 S.W.2d 107 (Tex.App.—Dallas 1984, no writ).

The Seventh Court of Appeals, en banc, unanimously agreed failure to make a timely written request for preparation of the

statement of facts was not grounds for dismissal of an appeal or affirmance of the trial court's judgment. The justices disagreed, however, whether Rule 377(a) was mandatory or directory. Two justices agreed with the *Odom* decision and two disagreed. *In the Interest of Phillips*, 691 S.W.2d 714 (Tex.App.—Amarillo 1985, no writ).

Most recently, the Fourth Court of Appeals, sitting en banc, limited the holding in *Odom* to the extreme facts of that case. The Court ruled that Rule 377(a) will not be applied strictly if an untimely filing of a written request played no part in the delay and a reasonable explanation is advanced to explain the late request. *Adams v. H.R. Management and La Plaza Ltd.*, 696 S.W.2d 256 (Tex.App.—San Antonio, 1985, not yet reported). The court rejected "a rigid adherence" to Rule 377(a). *Id.* at 258.

The facts of the case before us—a request only one day late which was not responsible for the minimal thirteen-day delay in tendering the statement of facts— emphatically illustrates the harshness which the San Antonio and Dallas courts repudiated.

While we are certainly comfortable with the results in *Monk* and *Adams*, we are intellectually uneasy with the reasoning in those cases. We would be pleased if Rule 377(a) read as those courts have interpreted it.

The rule, however, is clear, unambiguous, and unequivocal. "In order to present a statement of facts on appeal, the appellant, *at or before* the time prescribed for perfecting the appeal, *shall* make a written request to the official reporter designating the portion of the evidence and other proceedings to be included therein." (Emphasis added). TEX.R.CIV.APP. 377(a).

Unlike other mandatory appellate rules— for perfecting appeal, filing the transcript and statement of facts, and filing briefs— nothing in Rule 377(a) allows us to extend the mandatory timetable. *See* TEX.R.CIV. APP. 21c, 356, 385, 386, 414.

Rule 377(a), as it is written, simply gives us no discretion, not even the limited discretion of Rule 21c, to grant an extension for a reasonable failure to comply with its mandate.

We cannot rewrite the rule. We must reluctantly follow its clear mandate until the Supreme Court clarifies it to the contrary.

The motion for rehearing is denied.

DRAUGHN, J., not participating.