**Frank F. LOZANO, Appellant,**

v.

**VIGILANT INSURANCE COMPANY, Appellee.**

**No. 13–85–506–CV.**

Court of Appeals of Texas, Corpus Christi.

June 26, 1986.

Rehearing Denied Aug. 29, 1986.

John J. Heisler, Jr., Ray R. Marchan, Brownsville, for appellant.

Joe Garcia, McAllen, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

OPINION

BENAVIDES, Justice.

This is an appeal from a take-nothing judgment in a worker's compensation case.

By his sole point of error, appellant claims that the trial court erred in overruling his motion for new trial because the jury answers to Special Issues No. 4 and No. 4B were in irreconcilable conflict with the answer to Special Issue No. 4C.

No statement of facts was filed with the record on appeal. Absent a statement of facts, the courts of appeals are required to presume there was sufficient evidence to support the jury's answers to special issues. *Brockette v. Sosa*, 675 S.W.2d 807 (Tex.App.—Corpus Christi

---

**3.** TEX.NAT.RES.CODE ANN. § 131.001–.305 (Vernon Supp.1986).

1984, no writ); *Peart v. Marr's Short Stops, Inc.,* 670 S.W.2d 769 (Tex.App.—Fort Worth 1984, no writ).

The special issues and answers in question read as follows:

### SPECIAL ISSUE NO. 4

Was the injury a producing cause of any partial incapacity?

We, the Jury, Answer: <u>Yes</u>

4B.   Find the duration of partial incapacity.

(By answering "Permanent" or by stating the ending date)

We, the Jury, Answer: <u>Permanent</u>

4C.   Find the Plaintiff's average weekly earning capacity during partial incapacity.

We, the Jury, Answer: <u>$170.00</u>

Appellant claims that the parties stipulated that the weekly wage earning capacity of appellant prior to injury was $170.00, and therefore the jury's answers finding permanent partial incapacity, with no reduction in earning capacity, were in conflict.

■   We find no stipulation in the transcript with regard to appellant's earning capacity prior to injury.   The stipulated facts contained in the record refer to settlement negotiations, not the subject of this appeal.   Based on the record before this Court, we find no irreconcilable conflict in the jury's answers.   A worker's compensation claimant can be partially disabled without suffering a reduction in earning capacity.   *Gonzales v. Texas Employers' Insurance Ass'n,* 419 S.W.2d 203 (Tex.Civ.App.—Austin 1967, no writ).

The judgment of the trial court is AFFIRMED.