**Frank F. LOZANO, Petitioner,**

v.

**VIGILANT INSURANCE COMPANY, Respondent.**

No. C–5803.

Supreme Court of Texas.

Nov. 5, 1986.

Rehearing Denied Jan. 7, 1987.

John J. Heisler, Law Office of Warren L. Eddington, Brownsville, for petitioner.

Jose E. Garcia, Atlas & Hally, McAllen, for respondent.

OPINION ON APPLICATION FOR
WRIT OF ERROR

PER CURIAM.

In this worker's compensation case, the trial court rendered a take nothing judgment against Frank F. Lozano. That court overruled a motion for new trial in which Lozano contended that the jury's finding of permanent partial incapacity was in fatal

conflict with their finding of a $170 per week earning capacity during partial incapacity. Although Lozano contended on appeal that there had been a stipulation that his average weekly wage prior to injury was also $170 per week, the court of appeals observed that as no statement of facts had been submitted and the transcript failed to reveal such a stipulation, they were unable to determine if an irreconcilable conflict existed. Accordingly, the court of appeals affirmed the judgment of the trial court. 714 S.W.2d 393.

 Based on the foregoing, the court of appeals reached the correct judgment in this case. However, we disapprove the statement in the court of appeals' opinion that "[a] worker's compensation claimant can be partially disabled without suffering a reduction in earning capacity." When a jury is instructed in respect to partial incapacity that it exists when a worker is able to perform part of the usual tasks of a workman, *whereby he suffers a reduction in his earning capacity* (emphasis added), a fatal conflict does exist between a finding of partial incapacity and an earning capacity finding during such period of partial incapacity equal to or greater than the pre-injury wage rate. *Employers Reinsurance Corp. v. Holland,* 162 Tex. 394, 347 S.W.2d 605 (1961).

The application for writ of error is refused, no reversible error.