Hilario RODRIGUEZ, Appellant,

v.

AMERICAN GENERAL FIRE &
CASUALTY COMPANY,
Appellee.

No. 08–89–00153–CV.

Court of Appeals of Texas,
El Paso.

Nov. 27, 1989.

James F. Scherr, Law Offices of James Franklin Scherr and Lark H. Fogel, Law Offices of James F. Scherr, El Paso, for appellant.

Paul Bracken, Karl O. Wyler, and Brenda J. Norton, Kemp, Smith, Duncan & Hammond, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION ON APPELLEE'S MOTION FOR REHEARING ON GRANTING OF APPELLANT'S MOTION TO SUPPLEMENT RECORDS

KOEHLER, Justice.

From an order granting Appellant's Motion for Leave to Supplement the Record on appeal by allowing the late filing of a statement of facts, the Appellee moved for rehearing. Rehearing was granted. As a result, the prior order is set aside and Appellant's motion to supplement the records is denied.

The final order or judgment dismissing this case for want of jurisdiction was signed on February 24, 1989. A Motion for Rehearing was heard and denied on March 17. Appellate bond for costs was filed with the district clerk on March 23. Appellant requested transcript on March 31. No request for any statement of facts was made to the court reporter at that time. The

transcript was filed on April 25. By letter dated and filed with the district clerk on May 17, Appellant requested that the court reporter prepare a statement of facts of the March 17 hearing held on his Motion for Rehearing. Appellant's brief was filed on May 24 and thereafter, on June 19, Appellee filed its brief. On July 11, Appellant filed his "Motion For Leave To Supplement Record." Attached to that motion was an affidavit from the court reporter, not giving any explanation for the late preparation or filing, but asserting rather that there was no evidentiary hearing on March 17 and implying there had been no evidentiary hearing at any other time. Appellee filed a response, requesting that Appellant's motion be denied and that the statement of facts not be filed.

Where a timely motion for new trial has been filed, an appellant must perfect his appeal within ninety days after the final judgment or order was signed. Tex.R. App.P. 41. In our case, Appellant had until May 25 to file his bond, thus perfecting his appeal. As previously stated, the bond was filed on March 23. With reference to the time in which an appellant must make a written request to the court reporter for a statement of facts, Tex.R.App.P. 53(a), if the phrase "at or before the time prescribed for perfecting the appeal," means the date appeal was perfected within the total time period in which he had to file his bond, then a request in our case would be timely if made on or before March 23. On the other hand, if the phrase means at or before the expiration of the final day in which this Appellant could have filed his bond, thus perfecting his appeal, then the last day he could have timely requested a statement of facts would have been May 25.

■ If Appellant's Motion For Leave To Supplement Record, supported by his oral argument, is to be taken at face value as an effort to amend or supplement the record on appeal under Rule 55(b), Texas Rules of Appellate Procedure, then it must fail since Rule 55(b) only applies where a statement of facts had previously been timely filed with the court of appeals.

*Peart v. Marr's Short Stops, Inc.,* 670 S.W.2d 769, 770 (Tex.App.—Fort Worth 1984, no writ). Where no statement of facts had been filed, as in the instant case, the rules for amendment and supplementation of the record are inapplicable.

■ If Appellant's motion could be construed as a motion to extend the time for filing a statement of facts under Rule 54(c), it still must fail. For one thing, no explanation, reasonable or otherwise, was offered in the motion or accompanying affidavit for the late filing request. For another, the motion was filed beyond the fifteen day time period after the last date for filing the record, as allowed by 54(c). The last date for filing the record would have been one hundred twenty days from February 24 or by June 24. The last day for filing the motion for extension of time would have been July 10, since the fifteenth day was a Sunday. Appellant filed his motion on July 11.

■ Under the holding in *Monk v. Dallas Brake and Clutch Service Company, Inc.,* 683 S.W.2d 107 (Tex.App.—Dallas 1984, no writ), a motion for extension of time with a reasonable explanation for delay is necessary where there is an untimely request for a statement of facts under Rule 53(a), which will not be filed within the time prescribed by Rule 54(a). Another court has taken a narrower view of 53(a), holding that the request to the court reporter must be made on or before the date prescribed for perfecting the appeal and the time to make such a request cannot be extended beyond that deadline under 54(c) even though the statement of facts could be prepared and filed within the time required by Rules 54(a) and (c). *Caldwell & Hurst v. Myers,* 705 S.W.2d 703 (Tex.App.—Houston [14th Dist.] 1985, no writ). While we would prefer to follow the less restrictive interpretation of 53(a), the mandatory language of that rule seemingly supports the *Myers* ruling. However, a proposed change in Rule 53(a) would support the *Monk* interpretation, by making it unnecessary to make a timely request for a statement of facts where the statement of facts

or supplement will be filed within the time prescribed by 54(a).

One problem remains: when is a request for a statement of facts timely within the meaning of the language "at or before the time prescribed for perfecting the appeal?" The reported cases are not altogether clear on this point. In addition to *Monk* and *Myers,* cited above, *see Adams v. H.R. Management and La Plaza, Ltd.,* 696 S.W.2d 256 (Tex.App.—San Antonio 1985, no writ) and *Odom v. Olafson,* 675 S.W.2d 581 (Tex.App.—San Antonio 1984, writ dism'd). From a reading of these cases and the wording of the rule, we conclude that a timely request for a statement of facts can be made up to the final day appeal could have been perfected, even though the appeal had actually been perfected at some date prior to the deadline. We further conclude that an untimely request for a statement of facts can be made without a motion and reasonable explanation if the statement of facts will be filed before the 54(a) deadline, but if the statement of facts cannot be filed by that time, then a motion for an extension must be filed in accordance with 54(c).

In any event, our prior order granting Appellant leave to supplement the record is set aside and his motion is, at this time, denied.