**DELTA BRANDS, INC., Appellant,**

v.

**BORDEN METAL PRODUCTS COMPANY, Appellee.**

No. 8064.

Court of Civil Appeals of Texas, Beaumont.

Feb. 23, 1978.

Rehearing Denied March 16, 1978.

Michael Cooper, Dallas, for appellant.

W. C. McClain, Conroe, Ben H. Sheppard, Jr., Houston, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment entered after the jury had returned its findings of fact favorable to plaintiff. Borden purchased a large hydraulically-driven steel slitting line machine from Delta for use in slitting steel at its manufacturing plant near Conroe. Shortly after installation of the machine, it began to malfunction and repeated efforts by Delta to repair and restore the machine to normal operation failed.

During one two-month period (May-July, 1974, the machine was inoperative for most of the time. Borden followed Delta's instructions in an effort to restore the machine to an operating condition but all such efforts resulted in failure. Delta's own efforts to repair the equipment were likewise unsuccessful. Borden then obtained outside engineers in an effort to get the machine to work and some temporary improvement in the operation was noticed. During the time the machine was idle and incapable of being used, Borden had its steel slitting work done in outside plants so as to prevent complete shutdown of its manufacturing operation. When it filed suit for its damages, Borden claimed that the machine was unfit as a result of enumerated defects and sought a recovery on a breach of warranty theory.

PART I

Borden's judgment, based upon the jury findings, is assailed by five points of error, all complaining of errors in the charge. We affirm for the reasons to be stated, but we must first dispose of a threshold procedural problem.

At the time this case was tried, our jurisdiction invoked, and Delta's brief was filed, the procedure governing the appeal was that set out in *St. Louis Southwestern Railway Co. v. Gregory*, 387 S.W.2d 27, 29 (Tex. 1965), from which the quotation in the margin is taken.[1]

1. "Plaintiffs were required by Rule 324 to file a motion for new trial as a prerequisite to their right of appeal. Under the provisions of Rule 320 they were required to 'specify each ground' on which their motion was founded, under penalty that 'no ground not specified shall be considered.' Moreover, Rule 374 provides: 'A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived.'"

**2**

An examination of the record reveals that one or more of the points of error do not conform to the requirement of the rules in effect at the time of the trial. If we were to follow those rules which were still in effect at the time of the filing of Delta's brief, one or more of such points would be beyond review under the rules enunciated in *Gregory*, supra.

By an order entered on July 11, 1977, effective January 1, 1978, the Supreme Court made several important changes in the rules theretofore governing appellate procedure. *Tex. R. Civ. P. 320*[2] was amended by eliminating this language in the final sentence: " . . . and shall specify each ground on which it is founded, and no ground not specified shall be considered." *Rule 324,* to use the comment found in the Supreme Court's order, was amended and now "[e]liminates requirement for a motion for new trial in jury cases in most (though not all) instances." Finally, as applied to this discussion, *Rule 374* was repealed.

The threshold question is obvious: Is Delta's appeal to be considered and treated under the procedural rules in effect at the time of the trial or at the time of the consideration of the appeal? We are of the opinion that Delta's brief should be reviewed under the liberalized rules now in effect. *Stieler v. Stieler,* 537 S.W.2d 954, 957 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.), and cases therein cited.[3] See also *Commercial Insurance Company of Newark, N. J. v. Lane,* 480 S.W.2d 781, 783 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.).

We are unwilling to extend the effective life of the rigid rules of appellate procedure in effect before January 1, 1978, for even one more case. Those old rules which have aborted countless appeals were finally modernized by our Supreme Court and we will unhesitatingly apply the new rules to any case within their reach. We will consider all of Delta's points in its brief.

We have carefully examined each of the points of error contained in Delta's brief but find no merit in any of the points. We will treat each of such points in Part II of this opinion; but since the matters therein discussed would not add anything to the jurisprudence of this State, even though it is an integral part of this opinion, we order it not published pursuant to *Rule 452.*

AFFIRMED.

---

**2.** All references to rules are to Texas Rules of Civil Procedure.

**3.** *Stieler* was cited with approval in *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977).