**Harold A. ODOM, Jr., Appellant,**

v.

**James W. OLAFSON, et al., Appellees.**

**No. 04–84–00259–CV.**

Court of Appeals of Texas, San Antonio.

July 11, 1984.

Rehearing Denied Aug. 30, 1984.

Gordon R. Cooper, II, Houston, for appellant.

Justin M. Campbell, Michael S. Goldberg, Bakee & Batts, Houston, Eugene B. Labay, Cox & Smith, San Antonio, for appellees.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

OPINION

PER CURIAM.

Appellant, Harold A. Odom, Jr., has filed a motion to extend the time for filing the statement of facts to September 6, 1984. The statement of facts was due to be filed by June 8, 1984. TEX.R.CIV.P. 386. Ap-

pellant's motion states that the court reporter was requested by letter on May 17, 1984, to prepare the statement of facts. The court reporter's affidavit attached to the motion indicates that she did not receive her first written notice to prepare the statement of facts until May 22, 1984.

TEX.R.CIV.P. 377(a), as amended effective April 1, 1984, states that in order to present a statement of facts on appeal, the appellant shall make a written request to the court reporter for its preparation at or before the time prescribed for perfecting the appeal. In the instant case the appeal was due to be perfected by May 9, 1984. TEX.R.CIV.P. 356(a), while the request was not received until May 22.

Rule 377(a) apparently was amended with the intention of compelling appellants to request their statements of facts at a time in the appellate process which would insure that more statements of facts would be completed within the time allowed. The goal was to eliminate the all too frequent occurrence of an appellant waiting to request the statement of facts until its due date.

As the rule now reads, we have no discretion to permit the filing of a statement of facts by an appellant who has not complied with the mandate of the rule. The statement of facts may not be presented on appeal.

While the penalty for noncompliance is harsh, compliance requires no additional effort. An appellant will still have to request the statement of facts, but that request will have to be made at an earlier time than many attorneys are accustomed to.

Appellant's motion for extension of time will be denied due to his failure to timely request preparation of the statement of facts in accordance with Rule 377(a). The clerk of this Court is directed not to file a statement of facts in this case.

In view of this ruling appellant's motion for extension of time to file the brief is denied.