**In the Interest of Bradley Scott PHILLIPS, A Minor Child.**

No. 07–84–0273–CV.

Court of Appeals of Texas, Amarillo.

Feb. 6, 1985.

Selden B. Hale, Amarillo, for appellant.

Wes Wester, Amarillo, for appellee.

## ON MOTION TO DISMISS APPEAL OR TO AFFIRM JUDGMENT

PER CURIAM.

Appellee Bobby Glenn Phillips has moved that appellant Vera Ann Phillips Levandowski's appeal be dismissed or the trial court's judgment be affirmed because, although the statement of facts was timely filed, appellant did not make the written request therefor, file a copy thereof with the court clerk, and serve a copy of it on appellee or his attorney, within the time limit provided in Rule 377(a), Texas Rules of Civil Procedure. The Justices of this Court are unanimously agreed, albeit for the different reasons articulated in the two accompanying opinions, that appellee's motion should be overruled.

Therefore, appellee's motion to dismiss appellant's appeal or to affirm the trial court's judgment is overruled.

REYNOLDS, Chief Justice.

Appellant Vera Ann Phillips Levandowski has applied to this Court for relief from a judgment, rendered by the trial court on a jury verdict, which, by modifying a prior judgment, decreed her removal as managing conservator of her son and the appointment of the boy's father, appellee Bobby Glenn Phillips, as managing conservator. She perfected her appeal from the judgment by filing her bond for costs on 6 November 1984, the date prescribed for perfecting her appeal by an order of this Court extending the time for filing the bond. Rule 356(a) and (b).[1] She orally ordered and thereafter filed the statement of facts on 7 November 1984 in this Court, but she did not timely make the written request for the statement of facts as provided by Rule 377(a) in these words:

In order to present a statement of facts on appeal, the appellant, at or before the time prescribed for perfecting the appeal, shall make a written request to the offi-

---

1. All references to rules are to the Texas Rules of Civil Procedure.

cial reporter designating the portion of the evidence and other proceedings to be included therein. A copy of such request shall be filed with the clerk of the trial court and another copy served on the appellee or appellee's attorney.

The written request designating the statement of facts was not filed until 12 December 1984, thirty-six days after the date prescribed for perfecting the appeal.

Six days before the written request for the statement of facts was filed, appellee moved for the dismissal of appellant's appeal or for the affirmance of the trial court's judgment because appellant failed to make her written request for the statement of facts with the filing and the service of a copy thereof within the time provided by Rule 377(a).[2] He contends that the provisions of Rule 377(a) are mandatory and appellant's noncompliance therewith justifies the dismissal of her appeal or the affirmance of the trial court's judgment.

Although the undersigned writer and joining justice consider that a failure to comply with the provisions of Rule 377(a) may, by force of the rule itself in appropriate circumstances, prevent the filing of the statement of facts and will, in appropriate circumstances, authorize the affirmance of the judgment appealed from, Rule 386, or the dismissal of the appeal, *id.;* Rule 387, we do not deem the circumstances presented here are appropriate to either action. Consequently, appellee's motion should be overruled.

At a first reading in isolation, the quoted language of Rule 377(a) appears to be obligatory, for the word "shall" is generally construed to be mandatory; yet, it may be, and frequently is held to be, merely directory. *Lewis v. Jacksonville Build. & Loan Ass'n,* 540 S.W.2d 307, 310 (Tex.1976). Still, Rule 377(a) is but a paragraphic rule of Rule 377, the rule composed of nine numbered paragraphs which, implemented by the order of the Supreme Court, govern the preparation, contents and form of the statement of facts.

The Texas Rules of Civil Procedure, which are liberally construed by the mandate of Rule 1, have the same force and effect as statutes, *Missouri Pacific Railroad Company v. Cross,* 501 S.W.2d 868, 872 (Tex.1973), and ordinarily are construed like statutes. *Lewis v. Jacksonville Build. & Loan Ass'n, supra.* The fundamental principle to be followed in construing Rule 377(a) is to ascertain and give effect to its intent by considering all of Rule 377, its nature and object, and the consequences that follow from construing it as mandatory or directory. In this connection,

> [p]rovisions which do not go to the essence of the act to be performed, but which are for the purpose of promoting the proper, orderly, and prompt conduct of business, are not ordinarily regarded as mandatory. If the provision directed doing of a thing in a certain time without any negative words restraining it afterwards, the provision as to time is usually directory.

*Id.* The directory construction particularly obtains if the failure to obey the time limit does not prejudice the rights of interested parties. *Markowsky v. Newman,* 134 Tex. 440, 136 S.W.2d 808, 813 (1940).

Unless it can be said that the effect of Rule 377(a)'s prefatory words "[i]n order to present a statement of facts on appeal" is an automatic bar to filing a timely tendered statement of facts in the absence of the written request therefor, neither Rule 377(a) itself, nor any other paragraphic rule of Rule 377, contains any expression of the consequences of the failure to make, file and give notice of the written request within the time specified. The provision following Rule 377(a), Rule 377(b), states that within ten days after service of a copy of appellant's written request provided for in Rule 377(a), any party may request, in the same manner, additional material to be in-

---

**2.** Appellee also moved for the dismissal or affirmance upon two other grounds, which we overruled previously without a formal opinion.

cluded in the statement of facts. The remaining paragraphs of Rule 377 address the exclusion of unnecessary matters from the statement of facts, its form, and the court reporter's certification and fees.

The essence of the thing directed to be done by Rule 377, when read in totality, is the presentment of a statement of facts correctly prepared to contain only matters essential to the decision of the questions presented on appeal. It follows that the prefatory words of Rule 377(a) are only an introduction for, and not an absolute bar to, the preparation and presentment of the statement of facts. Thus, the first provision that a written request for the statement of facts shall be made to the official reporter on or before the time prescribed for perfecting the appeal is not, as exemplified by the circumstances of this appeal, necessary to the essential thing directed to be done by Rule 377. More appropriately, the first provision of Rule 377(a), and its attendant provisions for a copy of the written request to be officially filed and a copy to be served on appellee or his attorney, serve to facilitate the proper, orderly and prompt preparation and presentment of the statement of facts on appeal.

In this light, then, Rule 377(a) is directory. But this is not to say that the rule's provisions may be dishonored or can be violated with impunity. To the contrary, strict compliance with all requirements of all rules is necessitated by the very existence of the rules themselves. The rules are rooted in the sound policy of attaining a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law, Rule 1, which may be denied for a failure to comply with the rules.

Neither is this to say that sanctions will not be imposed for noncompliance with Rule 377(a). The appellate courts are empowered to dismiss an appeal for the failure to comply with any requirement of the Texas Rules of Civil Procedure, Rule 387, and to dismiss the appeal, affirm the judgment appealed from, or apply other sanctions, if the appellate record, or part there-

of, is denied consideration because of the failure to comply with the rules. Rule 386. *See Garrity v. Holiday Inns, Inc.*, 664 S.W.2d 854 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.).

We recognize that our construction of Rule 377(a) as directory is at odds with the mandatory construction given it in *Odom v. Olafson*, 675 S.W.2d 581 (Tex.App.—San Antonio 1984, writ dism'd w.o.j.). The *Odom* court denied a motion for a three-month extension of time to file the statement of facts, and ordered that a statement of facts not be filed, where no request for the statement of facts was made before the appeal was due to be perfected and the court reporter did not receive appellant's written request until 15 days before the statement of facts was due to be filed. The court said, "As the rule now reads, we have no discretion to permit the filing of a statement of facts by an appellant who has not complied with the mandate of the rule." Although we disagree with the *Odom* court on the construction to be accorded Rule 377(a), the circumstances recited there are likely the appropriate ones justifying the imposition of the sanctions we have mentioned for noncompliance with the rule.

However, none of the circumstances that would justify a dismissal of appellant's appeal or an affirmance of the trial court's judgment has been presented in this cause. The statement of facts was timely filed, and appellee merely complains that appellant's written request for it was not made, and a copy thereof was not filed and not served on him within the time specified by Rule 377(a). He does not claim that the filed statement of facts is not in proper form or substance; he does not contend that the untimely filing and notice of the written request for it denied him the opportunity to have other matter included in the statement of facts. In brief, he does not suggest that his rights have been prejudiced in any manner by appellant's failure to timely comply with the provisions of Rule 377(a).

Accordingly, appellee's motion to dismiss appellant's appeal or to affirm the trial court's judgment should be overruled.

DODSON, J., joins in this opinion.

COUNTISS, Justice, concurring.

I agree that we should not, at this time, dismiss the appeal or affirm the trial court judgment, as requested by appellee. For that reason, I concur in the denial of appellee's motion. I disagree, however, with the conclusion that paragraph (a) of Rule 377 * is directory instead of mandatory. Had appellee asked us to do so, I would have voted to strike the statement of facts from the record.

I have reached that conclusion because I think the language of paragraph (a) of Rule 377 is clear, direct and unambiguous. It says, "In order to present a statement of facts on appeal, the appellant, at or before the time prescribed for perfecting the appeal, shall make a written request to the official reporter...." The paragraph is complete in itself. It states the procedure to be followed, and the sanction to be applied if the procedure is not followed, and it does so in the kind of language that is overwhelmingly construed to be mandatory. *See, e.g., Bay City Federal Savings & Loan Ass'n v. Lewis,* 474 S.W.2d 459, 460–61 (Tex.1972). Nothing in the paragraph, or elsewhere in the Rule, suggests we should refer to other Rules in order to resolve a violation of the paragraph. I think the lesson of *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982) is applicable here: the Rules "mean exactly what they say." Thus, I would construe the Rule as the San Antonio Court of Appeals did in *Odom v. Olafson,* 675 S.W.2d 581 (Tex.App.—San Antonio 1984, no writ).

For the foregoing reasons, I concur in the denial of the motion, but disagree with the interpretation of paragraph (a) of Rule 377.

BOYD, J., joins in this opinion.

* All references to rules are to the Texas Rules of Civil Procedure.