**Lillian McKELLIPS, Appellant,**

v.

**John L. McKELLIPS, Appellee.**

No. 08–86–00077–CV.

Court of Appeals of Texas, El Paso.

April 30, 1986.

Stephen Hines, El Paso, for appellant.

Larry H. Schwartz, David R. McClure, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION ON MOTION

OSBORN, Justice.

Pursuant to Rule 21c, Tex.R.Civ.P., Lillian McKellips has filed a motion and an amended motion for extension of time to file a transcript and statement of facts in the above case. The judgment was signed on December 26, 1985. A motion for new trial was timely filed. The appeal bond was required to be filed within ninety days or by March 26, 1986. Rule 356, Tex.R.Civ.P. The transcript and statement of facts were required to be filed within one hundred days after the judgment was signed. Rule 386, Tex.R.Civ.P. The record was due on April 5, 1986. Since that was a Saturday the period for filing actually ran until Monday, April 7, 1986. Rule 4, Tex.R.Civ.P. The transcript was received on April 7, 1986.

The motion and amended motion for extension of time have attached to them an affidavit of an official court reporter reciting that he received a telephone call on April 8, 1986 and a letter the following day requesting that he prepare a statement of facts. This request should have been made not later than March 26, 1986. Rule 377(a), Tex.R.Civ.P. The affidavit states that he had received no prior notification of any kind that an appeal was in the process in this case. His affidavit states that the statement of facts cannot be completed until May 26, 1986.

Rule 377(a), Tex.R.Civ.P., requires that an appellant, at or before the time prescribed for perfecting the appeal, make a written request of the official court reporter designating the portion of the evidence and other proceedings to be included in the statement of facts. The Appellant did not do that in this case. The motion states that there was an unintentional miscalculation of the date on which the cost bond, transcript and statement of facts should have been filed in this case. On April 3, 1986 counsel filed a motion for extension of time to file the cost bond and at least by that date knew that a miscalculation had occurred and was aware of the time when the bond should have been filed and, of course, would at that time have known when the record was required to be filed. Rather than immediately requesting a statement of facts, five more days passed before the first request was made to the court reporter.

In *Odom v. Olafson*, 675 S.W.2d 581 (Tex.App.—San Antonio 1984, writ dism'd), the court denied a motion to extend the time for filing a statement of facts where the request to the court reporter was not made until after the time for perfecting the

appeal. In that case the court said that it had no discretion to permit the filing of a statement of facts by an appellant who had not complied with the mandate of Rule 377(a), Tex.R.Civ.P. In *Intertex, Inc. v. Walton*, 683 S.W.2d 599 (Tex.App.—Houston [14th Dist.] 1985, no writ), the court denied a motion to extend the time to file the statement of facts where the appellant failed to make a timely request for the statement of facts. The Dallas Court of Appeals in *Monk v. Dallas Brake and Clutch Service Company, Inc.*, 683 S.W.2d 107 (Tex.App.—Dallas 1984, no writ) granted a motion to extend where the motion met the requirements of Rule 21c, Tex.R. Civ.P., and established a reasonable explanation why the statement of facts could not be timely filed.

In this case, the Appellant did not make a timely request as required by Rule 377(a). Even though there may have been a miscalculation of the date on which the record was due, counsel knew nearly a week before the statement of facts was requested that he had made a miscalculation and had missed a deadline and did not act immediately to request a statement of facts. There is nothing in the record before us to reflect that had a timely request been made the record could not have been prepared timely.

■ Most attorneys should be able to determine within thirty days from the time a judgment is entered whether an appeal will be taken. They also know that if a motion for new trial is filed and overruled that a bond must be filed within ninety days from the date of the judgment and that only ten more days exist for filing of the record. If they delay until the ninetieth day to file the bond and request a statement of facts it generally will be impossible for the court reporter to complete a statement of facts within ten days. The diligent attorney should not wait until the ninetieth day after the judgment to file an appeal bond and request a statement of facts in a lengthy case, even though he has the right to do so.

If "justice delayed is justice denied" our Rules of Civil Procedure should be amended to reduce the delay which results from waiting ninety days after judgment to file an appeal bond and request a statement of facts, and then requiring the record to be completed and filed ten days later. If much of the appeal delay is caused by the delay in preparation of statement of facts part of the problem results from our own rules under which court reporters must labor. Attorneys who take full advantage of the present time limits do not help, but only aggravate, an already bad procedure.

■ Where there is a miscalculation, diligence requires immediate action to comply with the rules. That was not done in this case. The motion for extension of time to file the statement of facts is denied. The transcript was timely received and is filed.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent. I agree with all that is said about the reasons for delay in the appellate procedure and the need to correct them, but the fact remains that present rules permit what was done here and until they are changed, they are controlling. Rule 21c, Tex.R.Civ.P., permits the action sought and there has been a showing of a reasonable explanation. I would grant the motion.