**Dan DILLARD, Jr., et al., Appellants,**

v.

**John R. FREELAND and Reymundo Sanchez, Appellees.**

No. 13–85–374–CV.

Court of Appeals of Texas, Corpus Christi.

June 26, 1986.

Rehearing Denied Aug. 29, 1986.

Brinkley L. Oxford, Edinburg, for appellants.

Oscar Fuentes, Frank J. Enriquez, McAllen, for appellees.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Appellants, Dan Dillard and Sandra Dillard, brought suit to set aside a trustee's deed, for damages for wrongful foreclosure and damages for fraud. The trial court's judgment granted instructed verdicts in favor of the defendants on all causes of action. On appeal to this Court, we reversed the judgment of the trial court and ordered a new trial "on appellant Dillard's cause of action for damages for wrongful foreclosure, if any, caused by the inadequate notice, if found to exist, on the demand for late payment and intent to accelerate." In all other matters, the judgment of the trial court was affirmed. *Dillard v. Broyles*, 633 S.W.2d 636, 645 (Tex. App.—Corpus Christi 1982, writ ref'd n.r.

e.), *cert. denied*, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983). Upon remand, the trial court rendered judgment in favor of both appellees. Appellants bring four points of error. We affirm the judgment of the trial court.

■ Appellants, by their first point of error, complain that the trial court erred in failing to define proximate cause. "Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment." TEX.R.CIV.P. 279; *see also Ryan Mortgage Investors v. Fleming-Wood*, 650 S.W.2d 928, 933 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.). Appellants did not request an instruction on proximate cause in writing. We overrule appellant's first point of error.

Appellants, in their second point of error, complain that the trial court erred in awarding judgment for appellees because there was no evidence to support the jury's finding that appellees gave notice of their intent to accelerate the maturity of the note. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

■ The Court, in *Ogden v. Gibraltar Savings Association*, 640 S.W.2d 232 (Tex. 1982), expounded on the notice necessary when foreclosing under a deed of trust:

Where the holder of a promissory note has the option to accelerate maturity of the note upon the maker's default, equity demands notice be given of the intent to exercise the option.... In the case of a mortgage secured by a deed of trust, such notice must afford an opportunity to cure the default and bring home to the mortgagor that failure to cure will result in acceleration of the note and foreclosure under the power of sale.

*Id.* at 233; *see Cortez v. Brownsville National Bank*, 664 S.W.2d 805, 809 (Tex. App.—Corpus Christi 1984, no writ); *Crow v. Heath*, 516 S.W.2d 225, 228 (Tex.Civ. App.—Corpus Christi 1974, writ ref'd n.r. e.). In order to avail himself of this right of acceleration, the noteholder must make a clear, positive, and unequivocal declaration in some manner of the exercise of that right. *Crow*, 516 S.W.2d at 228.

■ Appellee Freeland, the attorney hired by appellee Sanchez for the foreclosure, testified:

Q. What attempts did you make to collect the note that had been turned over to you?

A. Well, my initial contact was by phone and I talked to Mr. Dillard and at that time there was a question raised by warranty features on the house. I made demand of him for payment of the note and told him that if he didn't pay the delinquent installments, that the note would be called and the property posted for sale.

Q. When you say the note would be called, what is that? What is the legal term for it?

A. Not only the installments that were past due and owing would become due and owing but the future payments on the note so that the entire balance of the note would be due.

Freeland gave appellants notice of the acceleration of the maturity date of the note by letter in June of 1977. Freeland further testified that this conversation with appellant regarding intent to accelerate occurred prior to the June, 1977 letter. Therefore, there is evidence that appellees gave notice of their intent to accelerate the maturity date of the note. We overrule appellants' second point of error.

Appellants, by their third point of error, complain that the trial court erred in sup-

pressing evidence of appellee Freeland's conduct in past foreclosures. Appellants, in their fourth point of error, complain that the trial court erred in refusing to submit appellants' requested special issues.

█ This court, in *Dillard v. Broyles*, 633 S.W.2d 636, 645 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.), *cert. denied*, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983), clearly limited the reversal to particular fact issues: [1]

> The judgment of the trial court is reversed, and a new trial is ordered on appellant Dillard's cause of action for damages for wrongful foreclosure, if any, caused by the inadequate notice, if found to exist, on the demand for late payment and intent to accelerate. In all other matters, the judgment of the trial court is affirmed.

In a wrongful foreclosure cause of action, if an illegal or wrongful sale of the property is made under a power of sale contained in a mortgage or deed of trust, the mortgagee or trust deed mortgagee will be held liable to the mortgagor for the damages sustained. *Owens v. Grimes*, 539 S.W.2d 387, 389 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.) (and cases cited therein). The trial court properly sustained the appellees' objection to the introduction of evidence regarding other deeds of trust involving appellee Freeland. Those deeds of trust were irrelevant to the issue before the court, whether the mortgagee gave notice of intent to accelerate the note and notice of the acceleration of the maturity date of the note. We overrule appellants' third point of error.

█ Rule 279 states:

> When the court submits a case upon special issues, he shall submit the controlling issues made by the written pleadings and the evidence.... Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the cause shall not be reversed because of the failure to submit other

and various phases or different shades of the same issue.

The trial court submitted the controlling issues and those requested by appellants represented various phases of the same issue, as well as issues disposed of by the prior appeal to this Court. We overrule appellants' fourth point of error.

Appellees complain by cross-point of error that appellants failed to timely make and file a written request for statement of facts, as required by TEX.R.CIV.P. 377(a). Thereby, appellees contend that Rule 377(a) precludes appellants from filing a statement of facts.

█ Rule 377(a) reads, "In order to present a statement of facts on appeal, the appellant, at or before the time prescribed for perfecting the appeal, shall make a written request to the official reporter designating the portion of the evidence and other proceedings to be included therein." Appellants' request was one day late. The record contains the court reporter's affidavit seeking an extension of time. The affidavit states that, notwithstanding the fact that the request was one day late, the court reporter was in the midst of preparing another record, which required another thirty to forty-five days of work, and its completion would delay any preparation of the record for this case. Compliance with Rule 377(a) would not have resulted in the timely filing of the statement of facts and appellees do not suggest that their rights have been prejudiced in any manner by appellants' failure to timely comply with the provisions of Rule 377(a). Therefore, limited by the facts of this case, we agree with the reasoning in *Adams v. H.R. Management & La Plaza, Ltd.*, 696 S.W.2d 256 (Tex.App.—San Antonio 1985, no writ) and *In re Phillips*, 691 S.W.2d 714 (Tex.App.—Amarillo 1985, no writ), in holding that Rule 377(a) does not mandate the exclusion of the statement of facts. *Contra Odom v. Olafson*, 675 S.W.2d 581 (Tex.App.—San

---

1. *Gordon v. Gordon*, 704 S.W.2d 490, 491 (Tex. App.—Corpus Christi 1986, writ dism'd w.o.j.); *Price v. Gulf Atlantic Life Insurance Co.*, 621

S.W.2d 185, 187 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.).

Antonio 1984, writ dism'd). We overrule appellees' cross-point of error.[2]

The judgment of the trial court is affirmed.

---

**2.** Note that we denied appellee's motion to dismiss alleging the same error.