**CONTAINER PORT SERVICES, INC. and William Leroy Rayburn, Appellants,**

v.

**Kenneth GAGE and Thomas Hayre, Appellees.**

**No. 08–86–00248–CV.**

Court of Appeals of Texas, El Paso.

Nov. 5, 1986.

Second Rehearing Denied Dec. 3, 1986.

Elizabeth Ray, Scott L. Franck, Calvin, Dylewski, Gibbs, Maddox, Russell & Verner, Houston, for appellants.

Guy D. Choate, Webb, Stokes, Sparks, Parker, Junell & Choate, San Angelo, for appellees.

Before OSBORN, C.J., and SCHULTE and ARMENDARIZ, JJ.

OPINION ON MOTION

OSBORN, Chief Justice.

We grant the Appellant's motion for rehearing, withdraw our prior opinion on motion in this case, and the following is our opinion on motion.

The Appellants have filed a motion to extend the time for filing the transcript and statement of facts in this case. The Appellants' motion for new trial was overruled as a matter of law on August 5, 1986. The cost bond for appeal was timely filed on August 20, 1986. Rule 377(a), Tex.R. Civ.P., now Rule 53(a), Tex.R.App.P., required the appellant to make a written request of the official reporter designating the portion of the evidence and other proceedings to be included in the statement of facts. This written request was required to be made at or before the time prescribed

for perfecting the appeal, and a copy was required to be filed with the trial court and a copy served on the appellee or counsel for the appellee.

In this case, no written request was filed on August 20, 1986. Instead, an oral request was made with the official court reporter on August 27, 1986. According to the court reporter's affidavit, on September 9, 1986, a written request for the statement of facts had still not been received from counsel for the Appellants. Attached as Appendix "A" is the relevant part of an affidavit of counsel for Appellant concerning the request for the Statement of Facts. An affidavit from the court reporter states that he could not have timely filed the record even if a timely request had been made in accordance with Rule 377(a), Tex. R.Civ.P.

Several opinions have been written concerning the failure to comply with the provisions of Rule 377(a), Tex.R.Civ.P., which requires a written request to the court reporter at or before the time prescribed for perfecting the appeal. In *Odom v. Olafson*, 675 S.W.2d 581 (Tex.App.—San Antonio 1984), the court in a per curiam opinion said that the rule apparently was amended with the intention of compelling appellants to request their statement of facts at a time in the appellate process which would insure that more statements of facts would be completed within the time allowed. The court noted the goal of the new rule was to eliminate the all-too-frequent occurrence of an appellant waiting to request the statement of facts until its due date. In denying a motion to extend the time for filing the statement of facts, the court said:

As the rule now reads, we have no discretion to permit the filing of a statement of facts by an appellant who has not complied with the mandate of the rule. The statement of facts may not be presented on appeal.

The Amarillo Court of Appeals, sitting en banc, split on whether it might follow the *Odom* decision. *In Interest of Phillips*, 691 S.W.2d 714 (Tex.App.—Amarillo 1985).

The Dallas Court of Appeals in *Monk v. Dallas Brake and Clutch Service Company, Inc.*, 683 S.W.2d 107 (Tex.App.—Dallas 1984), refused to follow the holding in the *Odom* case. The court in an opinion by Chief Justice Guittard held that the failure to make the written request within the time prescribed by Rule 377(a) may be excused by a reasonable explanation presented in accordance with Rule 21c. In reaching that result, the court recognized that the time for requesting preparation of the statement of facts is not included in Rule 21c as one of those periods which may be extended on proper motion. The court concluded that there was a reasonable explanation where it was shown that the delay in making the request for the statement of facts did not, in fact, delay its preparation and filing.

The following year, the San Antonio Court of Appeals, sitting en banc, chose to disregard its earlier opinion in the *Odom* case and follow the holding of the Dallas court in the *Monk* case. *Adams v. H.R. Management and LaPlaza Ltd.*, 696 S.W.2d 256 (Tex.App.—San Antonio 1985). In reaching that decision, it said:

It is apparent in the instant case that compliance with Rule 377(a) would not have resulted in the timely filing of the statement of facts. Both reporters were so encumbered with pending work that even if they had received a timely written request in accordance with Rule 377(a), they would not have been able to prepare the statement of facts in this case by the time it was due. A rigid adherence to a mandatory interpretation of Rule 377(a) in every case will not further the purpose of the rule—the prompt and efficient disposition of appeals. In cases where that goal is not advanced—such as the instant case—rigid adherence to Rule 377(a) will not promote the efficiency of the appellate process.

Justice Reeves in a dissenting opinion noted that he would adhere to the interpretation of the rule as set out in *Odom*. He concluded that it was the duty of the inter-

mediate appellate court to apply and enforce the rules as they are written and not to redraft the rule to conform to one's own perception of propriety and fair play.

Also in 1985, the Houston Court of Appeals (14th District), sitting en banc, in an opinion by Chief Justice Brown, concluded that the rule is clear, unambiguous and unequivocal and that in order to present a statement of facts on appeal, the appellant, at or before the time prescribed for perfecting the appeal, shall make a written request to the official reporter designating the portion of the evidence and other proceedings to be included therein. *Caldwell & Hurst v. Myers*, 705 S.W.2d 703 (Tex. App.—Houston [14th Dist.] 1985). In his opinion, Chief Justice Brown noted the contrary holdings by the Dallas and San Antonio courts and said, "we are intellectually uneasy with the reasoning in those cases." In denying the request to extend the time for filing the statement of facts, he said:

Unlike other mandatory appellate rules—for perfecting appeal, filing the transcript and statement of facts, and filing briefs—nothing in Rule 377(a) allows us to extend the mandatory timetable. *See* TEX.R.CIV.APP. 21c, 356, 385, 386, 414.

Rule 377(a), as it is written, simply gives us no discretion, not even the limited discretion of Rule 21c, to grant an extension for a reasonable failure to comply with its mandate.

We cannot rewrite the rule. We must reluctantly follow its clear mandate until the Supreme Court clarifies it to the contrary.

In *McKellips v. McKellips*, 712 S.W.2d 540 (Tex.App.—El Paso 1986), this Court denied a motion to extend the time to file the statement of facts where the appellant had not complied with Rule 377(a). In that case, the record did not reflect that had a timely request been made the record could not have been prepared timely.

In April, 1986, the Supreme Court adopted the Texas Rules of Appellate Procedure which became effective September 1, 1986. The Appellants' motion was filed on September 5, 1986, and we believe it must be decided under the new appellate rules. *Delta Brands, Inc. v. Borden Metal Products Company*, 570 S.W.2d 1 (Tex.Civ. App.—Beaumont 1978), writ ref'd n.r.e., 570 S.W.2d 876; *Cavitt v. Jetton's Greenway Plaza Cafeteria*, 563 S.W.2d 319 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ).

Rule 53(a), Tex.R.App.P., provides:

In order to present a statement of facts on appeal, the appellant, at or before the time prescribed for perfecting the appeal, shall make a written request to the official reporter designating the portion of the evidence and other proceedings to be included therein. A copy of such request shall be filed with the clerk of the trial court and another copy served on the appellee.

That rule contains no provision for an extension of time to file the required written request with the court reporter. But, Rule 54(c), Tex.R.App.P., which is a rule on motions for extension of time to file a transcript or statement of facts, provides in the last sentence as follows: "Such motion shall also reasonably explain any delay in the request required by Rule 53(a)." We conclude such sentence was added to remedy the problem the Houston court discussed in its opinion in *Caldwell & Hurst v. Myers, supra.*

Accordingly, we hold that a party who has not timely requested a statement of facts as required by Rule 53(a), Tex.R. App.P., may "reasonably explain" any delay when filing a motion to extend the time for filing the statement of facts. We also conclude that the explanation given in this case meets the standards required by the rule. See: *Zimmerman v. Boyce*, 660 S.W.2d 837 (Tex.App.—El Paso 1983). Apparently some effort was made to contact the court reporter prior to the time the appeal was perfected. The failure to timely make a written request for the statement of facts resulted from the lack of attention and carelessness of counsel handling the appeal. Such conduct can be classified as inadvertence under the hold-

ing in *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977).

We do have serious doubts as to whether the issue of whether the court reporter could have timely prepared this statement of facts had a timely request been made has anything to do with a "reasonable explanation" for not timely requesting the statement of facts as required by Rule 53(a), Tex.R.App.P. See: *Dillard v. Freeland,* 714 S.W.2d 378 (Tex.App.—Corpus Christi 1986, no writ); *Adams v. H.R. Management and LaPlaza Ltd., supra; Monk v. Dallas Brake and Clutch Service Company, Inc., supra.* That issue relates to a timely filing of the statement of facts and not to the issue of a timely request for the statement of facts. To hold otherwise would really make Rule 53(a), Tex.R. App.P., meaningless because there is probably not a court reporter anywhere who could not make an affidavit that on any given day such reporter did not have other records being prepared which would have delayed the preparation of the record if a timely request for a statement of facts had been made in a particular case.

The Appellant's motion for rehearing is granted and the statement of facts is ordered filed with the Clerk of this Court on or before December 5, 1986.

APPENDIX "A"

"On August 15, 1986 I contacted the District Clerk of Upton County, Texas to discuss a number of matters involving perfection of an appeal on the Trial Court's decision in this matter, including the necessary steps for the filing of a Cost Bond and Supersedeas Bond, the preparation of a transcript, and the location of Mr. McLaughlin, the court reporter, for purposes of requesting the Statement of Facts. The District Clerk advised that the best way to contact Mr. McLaughlin would be to call his office in Alpine, Brewster County, Texas at (915) 837–5311. I placed numerous telephone calls to Mr. McLaughlin's office in Alpine, Texas at various times on a daily basis from August 15, 1986, through August 26, 1986. No one ever answered the telephone at his office during that time period. On August 26, 1986 I placed a telephone call to Judge Gonzales' office in Fort Stockton, Texas in an effort to determine Mr. McLaughin's [sic] location. Judge Gonzales' secretary stated that she would attempt to get a message to Mr. McLaughlin. On August 27, 1986, in response to the message on August 26, 1986, Mr. McLaughlin called me and I advised him that the appellants required the preparation of the Statement of Facts for this appeal. Mr. McLaughlin stated that he would require an advance payment in an unspecified sum prior to beginning preparation of the Statement of Facts for this appeal. On September 4, 1986, I received a letter from Mr. McLauglin [sic] dated August 27, 1986, stating that he would require the payment of the sum of $1,720.00 prior to beginning preparation of the Statement of Facts. I placed a telephone call to in-house counsel for appellants and after discussing the matter with client on Tuesday, September 9, 1986, I submitted a check request to this law firm's accounting department for the issuance of a check in the amount of $1,720.00 payable to Mr. McLaughlin. The next day I was advised by the accounting department that they required Mr. McLaughlin's tax identification number before the check could be forwarded to him. On September 10 or 11, 1986, I contacted Judge Gonzales' office and left a message requesting Mr. McLaughlin's tax identification number. On September 17, 1986, I received a telephone call from Judge Gonzales' office advising me of Mr. McLaughlin's tax identification number. The check was forwarded to Mr. McLaughlin that afternoon and was received by him on Friday, September 19, 1986. On September 22, 1986, I discussed this matter with Mr. McLaughlin and confirmed that he had received my firm's check in the amount of $1,720.00. He also stated that he would forward to the Court an affidavit stating that even if a request for preparation of the transcript had been received on or before September 20, 1986, he still would have been unable to prepare the Statement of Facts by September 2,

1986. Therefore, the late request for preparation of the Statement of Facts, in no way affected Mr. McLaughlin's ability to prepare the Statement of Facts within the time period prescribed by the Rules."