**R.H. NEWDING, Appellant,**

v.

**GECO GEOPHYSICAL CO., INC., Appellee.**

**No. 01-91-00692-CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 26, 1991.

Stanley Schneider, W. Troy McKinney, Houston, for appellant.

Paul D. Clote, Houston, for appellee.

Before SAM BASS, DUNN and HUGHES, JJ.

## ORDER

PER CURIAM.

Appellant ("Newding") brings this appeal from a dismissal for want of prosecution signed by the trial court on April 23, 1991. Newding timely filed a motion to reinstate the case on May 23, 1991, the trial court took no action and the motion was overruled by operation of law on July 8. TEX. R.CIV.P. 329b(c). He then perfected his appeal by filing a cash deposit in lieu of bond on July 9, 1991.

Newding requested the transcript, which was filed with this Court on August 5, but failed to request the official reporter prepare the statement of facts "... at or before the time prescribed for perfecting the appeal," as required by TEX.R.APP.P. 53(a). The motion to reinstate had the same effect as a motion for new trial, and the last day upon which Newding could perfect his appeal was July 22, 1991. TEX. R.APP.P. 41(a); *Chicago, R.I. & P.R. Co. v. Southern Pacific Co.*, 458 S.W.2d 234, 235 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.). The statement of facts was due to be filed no later than August 21, 1991. TEX.R.APP.P. 54(a).

On August 22, Newding filed a motion for extension of time in which to file the statement of facts, which we granted. The statement of facts was filed on September 13. The affidavit of the court reporter, attached to the motion for extension, indicated that the statement of facts was not requested until August 22, one day after the deadline for its filing.

 Appellee ("GECO") now responds to Newding's motion for extension and requests dismissal, contending that TEX. R.APP.P. 53(a) is mandatory, that refusal of a late filed request for the statement of

facts is automatic, and that we are without discretion to permit late filing. To support its contention, GECO argues that *Odom v. Olafson*, 675 S.W.2d 581 (Tex.App.—San Antonio 1984, writ dism'd), stands squarely for this proposition, as do a number of other pre–1986 cases cited by appellee. *Odom* interpreted TEX.R.CIV.P. 377(a) (Vernon 1985), which was repealed by order of the Texas Supreme Court on April 10, 1986. Former rule 377(a) is now found at TEX. R.APP.P. 53(a).

We compared rule 377(a), as construed by the *Odom* court, and the rule now in use. We found the two identical but for the inclusion of one additional sentence in rule 53(a). The rule now in use specifies that "[f]ailure to timely request the statement of facts under this paragraph shall not prevent the filing of a statement of facts or a supplemental statement of facts within the time prescribed by Rule 54(a)." TEX.R.APP.P. 53(a).

We believe the addition of this sentence codified and expanded the liberal position adopted in *Dillard v. Freeland*, 714 S.W.2d 378, 381 (Tex.App.—Corpus Christi 1986, no writ). The *Dillard* court held that when compliance with former rule 377(a) could not result in timely filing, but appellees could show no prejudice to their rights due to late filing, such would be allowed.

The harsh impact of nondiscretionary application of former rule 377(a) was examined in detail by the court in *Container Port Services, Inc. v. Gage*, 719 S.W.2d 662 (Tex.App.—El Paso 1986, no writ). The disparity in application of the old rule between courts of appeal was considered, and the *Gage* court concluded, as do we, that inclusion of the additional sentence in present rule 53(a) was intended to relieve the technical constraint under which some appellate courts formerly labored. *Id.* at 664, citing *Caldwell & Hurst v. Myers*, 705 S.W.2d 703, 705 (Tex.App.—Houston [14th Dist.] 1985, no writ) ("We cannot rewrite the rule. We must reluctantly follow its clear mandate until the Supreme Court clarifies it to the contrary.").

We hold, as did the *Gage* court, that a "reasonable explanation" for such untimely requests, as contemplated by the Texas Rules of Appellate Procedure, includes inadvertence, mistake or mischance. TEX. R.APP.P. 54(c), 73(i); *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977); *Gage*, 719 S.W.2d at 664–65. Failure by counsel to make timely written request for the statement of facts, due to carelessness or lack of attention, equates to inadvertence. *Id.* Newding's request for extension of time was within the period allowed by TEX.R.APP.P. 54(c), as that rule operates to extend the timetable set forth in TEX. R.APP.P. 54(a), and was therefore timely.

GECO's other contentions that Newding did not timely request or file the transcript are unsupported by the record and are without merit. Therefore, appellee's motion to deny appellant's request for extension of time to file statement of facts and motion to dismiss this appeal are DENIED.

It is so ORDERED.