Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



RICARDO MONROY,

                            Appellant,

v.

CECILIA RANGEL ESTRADA,

                            Appellee.

§

§

§

§

§

No. 08-03-00381-CV

Appeal from the

120th District Court

of El Paso County, Texas

(TC#2001-032)




MEMORANDUM OPINION
           Appellee Cecilia Rangel Estrada argues that this Court should dismiss Appellant
Ricardo Monroy’s appeal because Monroy failed to provide a reasonable explanation for
filing his notice of appeal late. For the reasons explained below, we disagree with
Estrada’s argument and we will reinstate this appeal and deny her motion to dismiss.
Procedural Background
           The trial court signed a final judgment on May 14, 2003. Monroy filed a timely
motion for new trial, which the trial court denied by written order on July 2, 2003. 
Monroy then filed a motion for reconsideration of the motion for new trial, which the trial
court denied by written order on August 1, 2003. On August 18, 2003, Monroy filed a
notice of appeal, an affidavit of inability to pay costs of the appeal, and a motion for
extension of time.


 In the motion for extension of time, Monroy’s counsel stated that she
mistakenly believed the deadline for filing the notice of appeal was August 31, 2003--thirty days from the date the last order was signed. We granted the motion for extension
of time. Meanwhile, the trial court sustained Estrada’s contest to the affidavit of inability,
and Monroy perfected a separate appeal of that ruling, which we have docketed as Cause
Number 08-03-00426-CV. We abated this appeal pending resolution of Cause Number
08-03-00426-CV. We later removed both appeals from our docket because Monroy filed
a bankruptcy petition.
           Monroy has now filed motions to reinstate both appeals because the bankruptcy
court has modified the stay to allow him to pursue this litigation to a final judgment. 
Currently pending before this Court are the motions to reinstate, as well as a motion to
dismiss filed by Estrada.
Motion to Reinstate
           An appeal that has been suspended by a bankruptcy filing may be reinstated if
permitted by the bankruptcy court. Tex. R. App. P. 8.3(a). Here, the bankruptcy court has
modified the stay for the express purpose of allowing this litigation to proceed to final
judgment. We will therefore reinstate this appeal on the docket of this Court.



Motion to Dismiss
The Parties’ Arguments
           In her motion to dismiss, Estrada argues that Monroy has not provided a
reasonable explanation for failing to file the notice of appeal on time. She notes that
Monroy’s attorney sent her attorney a letter containing an offer of settlement that expired
at the end of business on August 11, 2003. The letter stated that if Estrada’s attorney did
not respond by that time, Monroy’s attorney would file a notice of appeal on August 12,
2003. Since August 12, 2003 was the deadline for filing the notice of appeal, Estrada
asserts that the letter “supports the assumption that Appellant was well aware” of the
deadline and that the failure to file the notice by the deadline was deliberate and
intentional. Estrada reasons that if Monroy’s counsel really believed that the notice of
appeal was not due until August 31, 2003, “it is likely” that she would have set the
deadline for responding to the offer of settlement closer to that date.
           In response to the motion to dismiss, Monroy’s attorney has filed an affidavit in
this Court, stating: “I categorically and unequivocally deny the allegations contained in
Appellee’s Motion to Dismiss. Prior to August 14, 2003, I did not know that the
deadline to file Appellant’s Notice of Appeal was August 12, 2003.” She reiterates that
she mistakenly believed she had thirty days from the date the last order was signed to file
the notice of appeal. Counsel also avers that she intended to file the notice of appeal on
August 12 because she did not want to be filing the appeal on the last day. In spite of this
intent, other work commitments took precedence, and when she finally began drafting
documents for the appeal on August 14, she realized her error. She then filed the notice
of appeal as soon as she could. Counsel concludes by stating: “I did not deliberately, nor
did I intentionally choose to file Appellant’s Notice of Appeal late. If I had known the
deadline was August 12, 2003, I would have filed the Notice of Appeal on or before that
date.”
Discussion
           When, as in this case, any party files a timely motion for new trial, the notice of
appeal must be filed within ninety days of the date the judgment was signed. Tex. R.
App. P. 26.1(a)(1). The appellate court may extend the time for filing the notice of appeal
if the notice is filed within fifteen days after the deadline and the appellant reasonably
explains the need for the extension. See Tex. R. App. P. 10.5(b)(1)(C), 10.5(b)(2)(A),
26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).
           The Texas Supreme Court has given appellate courts very clear guidance for
determining whether an appellant has reasonably explained a delay in filing a notice of
appeal. The court has held that a reasonable explanation is “any plausible statement of
circumstances indicating that failure to file . . . was not deliberate or intentional, but was
the result of inadvertence, mistake or mischance.” Meshwert v. Meshwert, 549 S.W.2d
383, 384 (Tex. 1977). Any conduct short of deliberate or intentional noncompliance
qualifies as inadvertence, mistake, or mischance. Garcia v. Kastner Farms, 774 S.W.2d
668, 670 (Tex. 1989). In other words, “[a]bsent a finding that an appellant’s conduct was
deliberate or intentional, the court of appeals should ordinarily accept the appellant’s
explanations as reasonable.” Hone v. Hanafin, 104 S.W.3d 884, 887 (Tex. 2003). This is
true even if the explanation reveals a misunderstanding of the law or professional
negligence. Garcia, 774 S.W.2d at 670; see also Container Port Servs. v. Gage, 719
S.W.2d 662, 664-65 (Tex. App.--El Paso 1986, no writ) (holding that counsel’s lack of
attention and carelessness constituted a reasonable explanation for failing to make a
timely request for the statement of facts).
           More generally, the supreme court has stated: 
This Court has never wavered from the principle that appellate courts
should not dismiss an appeal for a procedural defect whenever any arguable
interpretation of the Rules of Appellate Procedure would preserve the
appeal. . . . . Our decisions reflect the policy embodied in our appellate
rules that disfavors disposing of appeals based upon harmless procedural
defects. Thus, we have instructed the courts of appeals to construe the
Rules of Appellate Procedure reasonably, yet liberally, so that the right to
appeal is not lost by imposing requirements not absolutely necessary to
effect the purpose of a rule.

Verburgt, 959 S.W.2d at 616-17 (citations and footnote omitted).
           In this case, Estrada invites us to infer that the failure to file the notice of appeal on
time was deliberate and intentional and that Monroy’s attorney knew the deadline for
filing the notice of appeal, because the offer of settlement expired the day before the
deadline and counsel stated her intent to file the notice of appeal on the deadline. We
could just as easily infer that the failure was not deliberate and intentional. Since Estrada
admits that she expressly rejected the offer of settlement on August 11, there would seem
to be no reason for Monroy to deliberately delay filing the notice of appeal. More
importantly, we have an affidavit from Monroy’s counsel, in which she explains her
misunderstanding of the law and unequivocally disavows deliberately or intentionally
failing to file the notice of appeal on time. Based on this affidavit from an officer of the
court and the guidance provided us by the supreme court, we conclude that Monroy has
offered a reasonable explanation for failing to file the notice of appeal on time. Therefore,
we will deny Estrada’s motion to dismiss.
Conclusion
           For the reasons stated herein, this Court orders the following:
(1)      the Appellant’s motion to reinstate appeal is granted and this appeal is reinstated
on the docket of this Court;
(2)      Estrada’s motion to dismiss is denied; and
(3)      this appeal is abated pending our final disposition of Cause Number 08-03-00426-CV or further order of this Court.

                                                                  SUSAN LARSEN, Justice
June 24, 2004

Before Panel No. 1
Larsen, McClure, and Chew, JJ.